IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

DIRECTV, INC., a California corporation,

    Plaintiff,

  v.

JOEL MORENO,

    Defendant.
                                       /

No. C 04-04127 WHA

**ORDER GRANTING DEFAULT JUDGMENT**

### INTRODUCTION

Plaintiff DirecTV, Inc. ("DirecTV") moves for default judgment against defendant Joel Moreno. Mr. Moreno has never appeared in this action and did not appear at the hearing on this motion. Review of the *Eitel* factors favors entry of default judgment. Accordingly, plaintiff's application is **GRANTED**.

### STATEMENT

Plaintiff DirecTV is a direct broadcast satellite television programming provider that delivers "over 225 channels of television and other programming to more than 10 million homes and businesses in the United States;" its transmissions are encrypted to "prevent unauthorized viewing of its satellite television programming" (Compl. ¶¶ 1–2). Based on writs of seizure that were executed on various sources of pirate technologies, DirecTV learned that Mr. Moreno had purchased at least two "Pirate Access Devices" — namely a "Wildthing 2" unlooper from Shutt, Inc. and an "EQ Bootloader" from EQ Stuff, Inc. — which are designed for the unauthorized interception of plaintiff's satellite communications (*id.* ¶¶ 3–7, 16). Mr. Moreno is accused of

United States District Court
For the Northern District of California

purchasing these Pirate Access Devices for the purpose of viewing plaintiff's television programming without authorization by or payment to DirecTV (*id.* ¶ 8).

On September 30, 2004, DirecTV filed a complaint against Mr. Moreno, alleging (1) unauthorized reception of satellite signals in violation of 47 U.S.C. 605(a); (2) unauthorized interception of electronic communications in violation of 18 U.S.C. 2520(a); (3) willful assembly or modification of devices or equipment in violation of 47 U.S.C. 605(e)(4); and (4) conversion. After the case management conference, plaintiff served the summons and complaint on January 15, 2005 (Shah Exh. B). Because Mr. Moreno failed to respond, plaintiff sought an entry of default. The Clerk entered default on February 18, 2005 (Shah Exh. C). On July 13, 2005, DirecTV moved for default judgment, seeking relief based on its second claim under 18 U.S.C. 2520(a) only. The Court shall therefore limit its consideration of the request for default judgment to this statute.

**ANALYSIS**

Under Federal Rule of Civil Procedure 55(b)(2), a party can apply to the court for entry of judgment by default. Default judgment may not be entered against an unrepresented minor, an unrepresented incompetent person or a person in military service. None of these exceptions apply to Mr. Moreno, so the Court may proceed with its analysis (Shah Decl. ¶ 9 & Exh. D).

Whether to grant a motion for default judgment is within the discretion of the trial court. *Lau Ah Yew v. Dulles*, 236 F.2d 415, 416 (9th Cir. 1956). The following factors are considered:

> (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action, (5) the possibility of a dispute concerning the material facts, (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

*Eitel v. McCool*, 782 F.2d 1470, 1471–72 (9th Cir. 1986). For the following reasons, these factors favor entry of default judgment in this case.

1.  **MERITS OF SUBSTANTIVE CLAIMS AND SUFFICIENCY OF THE COMPLAINT.**

After entry of default, well-pleaded factual allegations in the complaint are taken as true, except as to the amount of damages. *Fair Hous. of Marin v. Combs*, 285 F.3d 899, 906 (9th Cir.

1  2002). The merits of plaintiffs' substantive claims and the sufficiency of the complaint are thus
2  considered in tandem.

3  Plaintiff seeks relief under the Electronic Communications Privacy Act, commonly
4  referred to as the Wiretapping Act. With certain exceptions not relevant here, "any person
5  whose wire, oral, or electronic communication is intercepted, disclosed or intentionally used"
6  may seek relief in a civil action. 18 U.S.C. 2520(a). Unauthorized interception of satellite
7  television programming is a violation of the Wiretapping Act. *United States v. Lande*, 968 F.2d
8  907, 909–10 (9th Cir. 1992).

9  As noted above, the factual allegations the complaint not relating to damages are taken
10 as true. Mr. Moreno is alleged to have "disclosed or intentionally used, intercepted, endeavored
11 to intercept, or procured other persons to intercept or endeavor to intercept, DirecTV's satellite
12 transmission of television programming" (Compl. ¶ 22). Plaintiff, therefore, has stated a claim
13 under 18 U.S.C. 2520(a). This weighs in favor of default judgment.

14       **2.    THE REMAINING *EITEL* FACTORS.**

15 This order finds that the remaining *Eitel* factors likewise favor entry of default
16 judgment. To deny plaintiff's application would leave plaintiff without a remedy. Morever,
17 defendant has refused to litigate this action here after being properly served with the complaint
18 and summons. Because Mr. Moreno never filed an answer to the complaint, it is unclear
19 whether there is a possibility of dispute concerning the material facts. There is no evidence that
20 his failure to respond was the result of excusable neglect. Although federal policy may favor a
21 decision on the merits, particularly where the monetary damages sought by plaintiff are not
22 insubstantial, FRCP 55(b) permits entry of default judgment in situations, such as this, where
23 the defendant has refused to litigate. On balance, the Court concludes that the *Eitel* factors
24 weigh in favor of default judgment.

25       **3.    THE DETERMINATION OF DAMAGES.**

26 Plaintiff seeks statutory damages pursuant to 18 U.S.C. 2520(c)(2) in the amount of
27 $20,000, or $10,000 for each Pirate Access Device, plus attorney's fees and costs. This section
28 provides that a court

3

may assess as damages whichever is the greater of

(A)  the sum of the actual damages suffered by the plaintiff and any profits made by the violator as a result of the violation; or

(B)  statutory damages of whichever is the greater of $100 a day for each day of violation or $10,000.

In the instant case, DirecTV sought only statutory damages of $10,000 under 18 U.S.C. 2520(c)(2)(B) in the event of a default (Compl. at 8). While the Court may exercise its discretion to determine whether the plaintiff should receive any damages at all, if damages are awarded, there is no discretion to award an amount less than $10,000. *See Dorris v. Absher*, 179 F.3d 420, 430 (6th Cir. 1999).[*] This order finds that DirecTV has suffered loss of revenue as a result of defendant's actions, particularly as it has presented evidence that there is no legally permissible use for the Pirate Access Devices allegedly purchased. An award of damages would both compensate DirecTV for its losses and deter future violations. Thus, the minimum award of $10,000 in statutory damages is warranted here. The Court, however, rejects plaintiff's argument that the damages should be $10,000 per device. *Id.* at 628 (finding that an award of $10,000 is designed to compensate a plaintiff for all of the misdeeds arising out of a closely-related course of conduct that takes place over a relatively short period of time); *DirecTV v. Bloniarz*, 336 F. Supp.2d 723, 727 (W.D. Mich. 2004)(rejecting a "per-device" damage calculation).

In addition, DirecTV should be awarded reasonable attorney's fees. 18 U.S.C. 2520(b)(3)(providing that appropriate relief includes "a reasonable attorney's fee and other litigation costs reasonably incurred"). DirecTV requests attorney's fees in the amount of $6,178.55 (Shah Decl. ¶ 13 & Exh. E). This order finds that this amount is excessive and unreasonable. This litigation is one of many that has been filed by DirecTV. *See In the Matter of DirecTV, Inc.*, 2004 WL 2645971 at *1 (N.D. Cal. July 26, 2004)(noting there were at least

---

[*] The Ninth Circuit has not ruled on this issue. The Fourth, Sixth, Eighth and Eleventh Circuits have held that the word "may" in the statute means that an award of damages under 18 U.S.C. 2520(c)(2) is discretionary. *See Dorris*, 179 F.3d at 429; *Nalley v. Nalley*, 53 F.3d 649, 652 (4th Cir. 1995); *Reynolds v. Spears*, 93 F.3d 428, 435 (8th Cir. 1996); *DirecTV v. Brown*, 371 F.3d 814, 818 (11th Cir. 2004). The Seventh Circuit found no such discretion. *Rodgers v. Wood*, 910 F.2d 444 (7th Cir. 1990). The Court declines to follow *Rodgers*, finding that the word "may" connotes a permissive rather than mandatory authority to award damages.

4

1  180 actions against over 775 defendants pending in this district alone). The issues presented in
2  those actions are virtually identical to those here. As such, an award of attorney's fees in the
3  amount of $2,500 is sufficient. *See DirecTV v. Hamilton*, 215 F.R.D. 460, 463 (S.D.N.Y.
4  2003)(reducing a request for $11,245.12 in attorney's fees to $1,500 because "these types of
5  cases are routine, straightforward and do not require extensive research").

   Finally, DirecTV is entitled to costs pursuant to FRCP 54 and is directed to file a Bill of
Costs in compliance with the Civil Local Rules.

## CONCLUSION

For good cause shown, this order **GRANTS** plaintiff's motion for default judgment against defendant Joel Moreno who shall pay:

   (1)  statutory damages in the amount of $10,000;
   (2)  attorney's fees in the amount of $2,500; and
   (3)  costs as taxed by the Clerk.

Judgment shall be entered accordingly.

**IT IS SO ORDERED.**

Dated: August 25, 2005



WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE